CaRUTHERS, J.,
delivered the opinion of the Court.
Adams was indicted in the Circuit Court of Campbell for-stealing and harboring a slave, with a count for securing stolen goods feloniously. He gave bail for his appearance, which was forfeited; and this is a proceeding by scire facias, to enforce the penalty against his sureties. Two pleas are relied upon: 1. That there is no such record; and a special plea, that the defendant had been demanded by the Governor of South Carolina, and delivered over by the Executive of this State before the term at which he was bound to appear, and at which the forfeiture was taken, and judgment nisi entered.
The Court found the issue on the first plea for the State, and upon that no difficulty arises. But there was a demurrer to the second plea by the State, and the Court holding that *261 such demurrer reached the first defect, decided that the bail bond was defective, and dismissed the scire facias.
The penalty of the bond is $1000 against the defendant, and $500, jointly, against his three sureties. It is in the ordinary form, with this condition, in whieh the defects in question are supposed to exist.
“ The condition of the above obligation is such, that if the said William Adams alias Thomas Shwift, shall make his personal appearance before the Judge of this Circuit Court, at a Court to be held for the county of Campbell, at the courthouse in Jacksboro’, on the first Monday in May next, there and then to answer a charge of the State, exhibited against him by indictment for negro stealing, the slave of John G. Gaut, m the State of South Carolina, and in case of failure, then this obligation is void, otherwise, to be in full force and effect.”
The defects insisted upon in argument, and upon which it is said the Circuit Judge based his judgment, are two: 1. That it appears on the face of the bond that the Court had no jurisdiction of the offence, because it was committed “ in the State of South Carolina; and 2. That by the wording of the bond, the obligation was to fee void in the event the accused failed to appear, and only to have force and effect in case he did appear.”
1. The recital that the slave stolen was the property of Gaut, or the place where he lived, or where the larceny was committed, was entirely unnecessary in the bond. It would have been good without even a specification of the offenee charged against the defendant. State v. Rye & Dunlap, 9 Yer., 386. Mueh less was it essential to state where it was committed, or against whose rights. If unnecessary, immaterial, or irrelevant matter be stated, it will be rejected as sur-plusage, and does not vitiate. Same case, and authorities there oited. This is the general rule, with certain exceptions, of which this is not one. The bond to appear, must be enforced without regard to what it may show on its face, on the question of jurisdiction. That is matter of defence for the *262 defendant, and cannot be made available collaterally, on a scire facias to collect tire penalty of tbe bond. He mast appear, and make tliat defence before the Court in the proper mode. But as a question of construction, we would arrive at the same result. We do not understand the recitation to mean that the crime was committed in South Carolina, but that the owner of the slave stolen resided there. It cannot be supposed that it was intended to state in the bond, the crime was committed out of the State, and beyond the jurisdiction of the Court. That was not a question to be tried, or stated in the hail bond, and we are not compelled, by the language employed, to give it that construction, but ean, without violence, give it the more sensible meaning, that the words used referred to the residence, and mot the crime.
2. The other objection taken to the bond, is not only technical, hut absurd. Its meaning is clear, and all the proper words are there, but the location of them is eonfused. The substance of the condition is, “'that if the said Adams makes his personal appearance, &c., then this obligation to he void,” “otherwise,”’ or ui% case ef failure, tobe in full force and effect.” The only difficulty is, that the words, “ and in case of failure,” are inserted before the phrase, “ then this obligation to be void,” when they should have been after. The familiar rule, that in the construction of writings the whole context must be looked to, is sufficient for this case., and leaves no doubt as to the meaning of the obligation.
The ease of Nichol & Ramsey v. White’s adm’r, 4 Haywood, 257, is an authority in point. There it was held, that words might be rejected or supplied, to carry out the evident meaning of the parties; for instance, where an injunction bond was conditioned to be void if the injunction was dissolved, was made to read and mean, if the injunction be not dissolved. Without supplying the word not, the bond was insensible and contradictory. In the case before us, no word is to be supplied or rejected, but only a change of the collocation of the words used.
But the second plea, if true, was a good defence, according *263 to the case of The State v. Allen, 2 Hum., 258. This position, though much controverted, and elaborately and learnedly examined at the time by the Cuurt and counsel, is no longer an open question. We have seen that the demurrer was improperly allowed upon the supposed defects in the bail bond, and it cannot be sustained as to the plea. Therefore, we reverse the judgment of the Court below, overrule the demurrer, and remand the case to be tried upon an issue to the said second plea.